# EXHIBIT A

**Ty Hyderally, Esq. (Atty. ID No.: 023231993)**
**Hyderally & Associates, P.C.**
33 PLYMOUTH STREET, SUITE 202
MONTCLAIR, NEW JERSEY 07042
TELEPHONE (973) 509-8500
FACSIMILE (973) 509-8501
Attorneys for Plaintiff: Sairy Pena

| | |
|---|---|
| **SAIRY PENA,** **PLAINTIFF,** VS. **AMAZON.COM, INC., JOHN DOES 1-10, AND XYZ CORP. 1-10,** **DEFENDANTS.** | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: UNION COUNTY DOCKET NO.: CIVIL ACTION **COMPLAINT AND JURY DEMAND** |

Plaintiff, Sairy Pena ("Pena" or "Plaintiff") who resides at 29 Jacques Street, Elizabeth, NJ 07201, by way of this Complaint against Defendants, Amazon.Com, Inc. ("Amazon" or "Corporate Defendant"), John Does 1-10, and XYZ Corp. 1-10 (hereinafter collectively "Defendants") hereby says:

### I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for: (1) violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("LAD") (Pregnancy Discrimination); (2) violation of the LAD (Pregnancy Discrimination Retaliation); and (3) a violation of the Pregnant Workers Fairness Act, NJ Rev Stat § 10:5-3.1 (2014), (PWFA).

2. This court has jurisdiction due to the nature of the action and the amount in controversy. Additionally, Plaintiff has satisfied all prerequisites to bringing these claims.

3. Venue is appropriate in this court since Plaintiff lives in Union County and Defendants do business in Union County.

## II. Parties

4. Pena was a Fulfillment Associate for Amazon, a global online retailer, at a fulfillment center located at 275 Omar Avenue, Avenel, New Jersey 07001.

5. Pena was an employee of the Defendant Corporation and performed job related duties in the State of New Jersey.

6. During the relevant time period, JOHN DOES 1-10 are currently unknown employees who were either senior management level employees who controlled Plaintiff's workplace, and supervised Plaintiff and aided and/or abetted in the commission of conduct complained of herein and/or who either acted within the scope of their employment at the workplace during working hours, or, to the extent they went beyond the scope of their employment, defendants ratified, embraced and added to his conduct. As the parties engage in discovery, Plaintiff retains the right to amend the Complaint to add these individual employees by name.

7. During the relevant time period, XYZ Corp. 1-10 are unknown affiliated corporations or entities or other corporations who have liability for the claims set forth herein. As the parties engage in discovery, Plaintiff retains the right to amend the Complaint to add these individual entities by name.

8. Thus, all Defendants are subject to suit under the statutes cited.

9. At all times referred to in this Complaint, employees of the Corporate Defendants, who are referred to herein, were acting within the scope of their employment at the workplace during working hours, or, to the extent that they were not so acting, the Corporate Defendant ratified, embraced and added to their conduct.

## III. Factual Allegations

10. On or about October 17, 2018, Pena became employed as a Fulfillment Associate for Amazon at an hourly rate of pay of $13.50. Pena worked overtime some weeks.

11. Pena's duties included, but were not limited to, logging food products into a computerized system using a hand-held scanner and occasionally packing vegetables.

12. Due to her exemplary work performance, Pena's salary was increased to $15.25/hour in approximately March 2019.

13. In late March 2019, Pena was experiencing severe pain and sought medical treatment from OMC Overlook Medical Center, Union Campus. (Exhibit "1").

14. During this visit, Pena was advised that she was pregnant.

15. Pena requested days off from work and provided her manager and Human Resources a copy of her doctor's medical note advising that Pena would be out of work from March 26 to March 28, 2019.

16. Pena also advised her manager and Human Resources that she was pregnant.

17. On August 2, 2019, Pena experienced nausea, as a result of being 6 months pregnant, for which she needed to have a light snack.

18. Pena was working in the Packing Room and discreetly ate two cherries from a bag she brought from home in order to alleviate her nausea.

19. Along with Pena, there were four (4) other employees working in the Packing Room: Elizabeth Bonilla, Penelope Salcedo, Tomasin (last name unknown) and Alba (last name unknown).

20. Those employees were also eating while packing vegetables.

21. This was a common practice as employees consistently ate while working in the Packing Room.

22. Defendants had never informed Pena or the other employees that there was an issue with eating in the Packing Room.

23. Despite this Human Resources called Pena to discuss the fact that she was eating in the workplace.

24. Pena shared that she was eating a snack to counter the nausea she was experiencing, due to her pregnancy.

25. Despite this, Human Resources advised this was an issue.

26. Pena had never before heard that there was any issue with eating in the Packing Room.

27. Pena further advised that employees constantly ate in the Packing Room and no one ever made an issue of this.

28. Human Resources informed Pena to provide a statement as to what she did and Pena complied by sending them an email that same day, August 2, 2019. (Exhibit "2").

29. Despite the fact that numerous employees ate in the Packing Room with no consequence, despite the fact that supervisors saw employees eating in the Packing Room and never

3

stated this was a problem, despite the fact that Pena was eating merely because she was pregnant, despite the fact that Pena had never been disciplined or even criticized for eating in the workplace, despite the fact that Pena had never been disciplined for anything, on August 5, 2019, Human Resources called Pena and informed her that she was terminated.

30. Pena was shocked and distressed at being fired as she was not only losing her job but also her health insurance, which was pivotal at this time in her life when she was six (6) months pregnant.

31. Pena never received warnings or disciplinary actions regarding her job performance and executed her duties diligently and efficiently.

32. The following day, August 6, 2019, Pena received a letter dated August 5, 2019, confirming her termination. (Exhibit "3").

33. The letter gave no reason for Pena's termination.

34. Defendants' termination of Pena was clearly not based upon any legitimate reasons, but rather, was in retaliation for Pena being pregnant.

35. Pena was the only pregnant employee at the Fulfillment Center.

36. Other employees who were not pregnant and also ate in the packing room were not terminated.

37. Pena had never been suspended before she was terminated.

38. Pena had never been demoted before she was terminated.

39. Pena had never been placed on a Performance Improvement Plan before she was terminated.

40. Pena had never been threatened with termination before she was terminated.

41. Rather, Pena performed her work duties in an exemplary fashion.

42. Pena was appalled that she had been terminated for violating a policy she had never heard about.

43. Defendants' termination of Pena caused her to suffer severe emotional and physical harm as well as exceptional emotional distress, anxiety and sleeplessness.

44. Defendants replaced Pena with someone who was not pregnant.

45. At the time of her termination, August 5, 2019, Pena was paid $15.25 per hour and worked overtime some weeks.

46. Pena's job benefits included health insurance, sick days and vacation.

4

47. These benefits of employment, and those set forth below, make up Pena's claim for damages.

## Count I
## (LAD)
## (Pregnancy Discrimination)

48. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

49. The foregoing facts and circumstances demonstrate that Defendants have violated the LAD by discriminating against Plaintiff due to Plaintiff's pregnancy and/or refusing to provide her reasonable accommodations, necessitated by her pregnancy.

50. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury.  Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life.  Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

51. Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

## Count II
## (LAD – Pregnancy Retaliation)

52. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

53. The foregoing facts and circumstances demonstrate that Defendants have violated the LAD by retaliating against Plaintiff because Plaintiff was pregnant.

54. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury.  Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life.  Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care.

5

Plaintiff's damages have been experienced in the past, and they will continue into the future.

55. Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

## Count III
### (Pregnant Workers Fairness Act)

56. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

57. The foregoing facts and circumstances demonstrate that Defendants have violated the PWFA by engaging in acts of pregnancy discrimination.

58. Furthermore, upon information and belief, Defendants have engaged in individual and a pattern and practice of such discrimination and/or disparate treatment.

59. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

60. Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

**WHEREFORE,** as to each and every count, Plaintiff demands judgment on each and all of these Counts against the Defendants jointly and severally, as follows:

A. Compensatory damages of not less than $100,000;
B. Damages for lost wages and benefits, back pay, front pay (or reinstatement);
C. Damages for humiliation, mental and emotional distress;
D. Statutory damages, if applicable;
E. Punitive damages and or liquidated damages where permitted by law;
F. Attorneys' fees and costs of suit;

G. Lawful interest - including pre-judgment interest on lost wages;

H. Lawful interest - including pre-judgment interest on any wages not paid in a timely manner; and

I. Such other, further and different relief as the Court deems fitting, just and proper.

Plaintiff hereby reserves the right to amend this Complaint to supplement or modify the factual obligations and claims contained herein, based upon information received from the defendants, witnesses, experts, and others in the course of discovery in this matter.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 4:35-1(a) and (b), plaintiff respectfully demands a trial by jury on all issues in the within action so triable.

## DESIGNATION OF TRIAL COUNSEL

In accordance with Rule 4:25-4, TY HYDERALLY is hereby designated as trial counsel on behalf of plaintiff.

## R. 4:5-1(b)(2) CERTIFICATION OF NO OTHER ACTIONS OR PARTIES

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, that no other action or arbitration proceeding is contemplated, and that there are no other parties known to me at this time who should be joined as parties to this action.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.

If so, please attach a copy of each, or in the alternative state, under oath and certification: (A) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

DATED: May 28, 2020

                                    **HYDERALLY & ASSOCIATES, P.C.**
                                    *Attorneys for Plaintiff*

                           By: _____
                                    **TY HYDERALLY, Esq.**
                                    *For the Firm*

T:\Pena Sairy\Pleadings\052820 COM.docx

# Exhibit "1"

Caso 19032700172

Work/School Excuse Letter


# Atlantic Health System

OMC OVERLOOK MEDICAL CENTER - UNION CAMPUS
UNI EMERGENCY DEPARTMENT
1000 Galloping Hill Rd
Union NJ 07083-7989
Dept: 908-522-6300
Loc: 908-964-7333

March 27, 2019

Patient: **Sairy Penarodriguez**
Date of Birth: [redacted]
Date of Visit: **3/26/2019**

To Whom It May Concern:

Sairy Penarodriguez was seen and treated in our emergency department on 3/26/2019. She may return to work on 03/29/19.

If you have any questions or concerns, please don't hesitate to call.

Sincerely,

Sharon L Cahill, APN

# Exhibit "2"

**De:** Sairy Rodriguez
**Fecha:** 2 de agosto de 2019, 6:46:31 p. m. EDT
**Para:** Cherwl@amazon.com
**Asunto: Inconvenience in the Packing Room**

Dear Human Resources,

  I was working in the packing area, when a staff saw me at the place eating. I am pregnant and, therefore, from time to time I have to eat something to calm my nausea, when I eat, I make sure to change my gloves. I bring small snacks that I take from my house as dried fruits or small fresh fruits in a Ziploc bag. Actually, I didn't know I couldn't get to that place because I had never received training to work in that area. I only know that I should wash my hands before working, wearing gloves, a hat and a gown. I can be sure that if I had received training and had the information that I cannot eat in that area, I would have never eaten in that area, even if it was because of my pregnancy status. I have been working in amazon for almost a year, and I have never received a warning or a wake-up call for doing something wrong. I leave it at your consideration.

                              Thanks in Advance,
                              Sairy Pena

Enviado desde mi iPhone

# Exhibit "3"



8/5/2019

Sairy Pena
29 Jacques st.
Elizabeth, NJ 07201

Dear Sairy (EEID: 103905757):

This letter confirms that the date of involuntary termination of your employment with Amazon.com Services, Inc. is August 5, 2019.

You have executed a Confidentiality and Invention Assignment Agreement with the Company. You are reminded that certain provisions of the agreement survive the termination of your employment with the Company and remain in full force and effect. Your agreement is available for review in the MyDocs portal for 90 calendar days after the end of your employment.

We wish you the best in your future endeavors.

Sincerely,
Amazon Human Resources





**Ty Hyderally, Esq. (Atty. ID No.: 023231993)**
**Hyderally & Associates, P.C.**
33 PLYMOUTH STREET, SUITE 202
MONTCLAIR, NEW JERSEY 07042
TELEPHONE (973) 509-8500
FACSIMILE (973) 509-8501
Attorneys for Plaintiff: Sairy Pena

| | |
|---|---|
| **SAIRY PENA,**  **PLAINTIFF,**  VS.  **AMAZON.COM, INC., JOHN DOES 1-10, AND XYZ CORP. 1-10,**  **DEFENDANTS.** | SUPERIOR COURT OF NEW JERSEY  LAW DIVISION: UNION COUNTY  DOCKET NO.: UNN-1721-20  CIVIL ACTION  SUMMONS |

**AMAZON.COM, INC.**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may

obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

## *Michelle M. Smith, Esq.*

Michelle M. Smith, Esq.,
Clerk of the Superior Court

DATED: **June 1, 2020**

**Name of Defendant to be served:**

**AMAZON.COM, INC.**

**Address of the Defendant to be served:**

**AMAZON.COM, INC.**
**c/o**
**Tyler J. Hill, Esq.**
**Morgan, Lewis & Bockius LLP**
**502 Carnegie Center**
**Princeton, NJ 08540-6289**

**Phone Number:**

T:\Pena Sairy\Pleadings\060120.SUMS.doc

# Civil Case Information Statement

**Case Details: UNION | Civil Part Docket# L-001721-20**

**Case Caption:** PENA SAIRY VS AMAZON.COM, INC.
**Case Initiation Date:** 05/28/2020
**Attorney Name:** TY HYDERALLY
**Firm Name:** HYDERALLY & ASSOCIATES, P.C.
**Address:** 33 PLYMOUTH ST STE 202
MONTCLAIR NJ 07042
**Phone:** 9735098500
**Name of Party:** PLAINTIFF : Pena, Sairy
**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Sairy Pena?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** YES
   **If yes, for what language:**
   SPANISH

**Please check off each applicable category: Putative Class Action?** NO   **Title 59?** NO   **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/28/2020                                                                                                    /s/ TY HYDERALLY
Dated                                                                                                               Signed

```
UNION COUNTY SUPERIOR COURT
2 BROAD STREET
CIVIL DIVISION
ELIZABETH          NJ 07207
                                         TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (908) 787-1650
COURT HOURS  8:30 AM - 4:30 PM

                              DATE:   MAY 28, 2020
                              RE:     PENA SAIRY  VS AMAZON.COM, INC.
                              DOCKET: UNN L -001721 20

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON MARK P. CIARROCCA

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (908) 787-1650 EXT 21493.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                   ATT: TY HYDERALLY
                                   HYDERALLY & ASSOCIATES, P.C.
                                   33 PLYMOUTH ST
                                   STE 202
                                   MONTCLAIR          NJ 07042


ECOURTS
```